# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IVY PENDLETON, *Pro Se*,<br><br>Address:<br>PO BOX 96069<br>Washington DC 20024<br><br>    Plaintiff,<br><br>  v.<br><br>CAPITAL ONE FINANCE CORP.,<br><br>Address:<br>1680 Capital One Drive<br>McLean, A 22102<br><br>    Defendant. | Civil Action No. _____<br><br>**[Removed from Superior Court of the District of Columbia, Civil Division, Case No. 2025-CAB-002883]** |

## DEFENDANT'S NOTICE OF REMOVAL

**TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

  Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Defendant Capital One N.A. (erroneously identified as Capital One Financial Corporation) ("Capital One"), by and through its counsel, Troutman Pepper Locke LLP, hereby removes this civil action, pending in the Superior Court of the District of Columbia, Civil Division, Case No. 2025-CAB-002883 (the "State Court Action"), to the United States District Court for the District of Columbia.  Removal is proper because this Court has subject matter jurisdiction over the action under federal question jurisdiction and supplemental jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367 respectively. *See* 28 U.S.C. §§ 1331.  Accordingly, Capital One removes this action to this Court, and in support thereof, states the following:

## I. BACKGROUND

1. Plaintiff Ivy Pendleton ("Plaintiff *Pro se*") commenced the State Court Action by e-filing a Complaint for Damages in the Superior Court of the District of Columbia, Civil Division, on May 5, 2025 (the "Complaint"). A copy of all process, pleadings, and orders is hereto as **Exhibit 1**.

2. The Complaint has not been properly served on Capital One. On June 25, 2025, Capital One received a courtesy copy of the Complaint mailed by Plaintiff herself. This did not satisfy District of Columbia service requirements specified in Rule 4. *See* DC R SM CL Rule 4(c) (requiring service by certified mail to be completed by the Court Clerk and not a party to the case).

3. This Notice of Removal is timely pursuant to U.S.C. § 1446(b).

4. Consent of Plaintiff to this Removal is unknown; however, upon information and belief, no party will be prejudiced by Removal of this action.

5. Capital One denies the allegations in the Complaint, denies that Plaintiff has stated any claim for which relief may be granted, and denies that Plaintiff has been damaged in any manner.

6. No previous application has been made for the relief requested herein.

## II. FEDERAL QUESTION JURISDICTION

7. This case is removable pursuant to 28 U.S.C. §§ 1331 and 1367.

8. In the Complaint, Plaintiff alleges causes of action for violations under federal statutes -- the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"); Truth in Savings Act, 12 U.S.C. § 4301 *et seq* (TISA); and Consumer Financial Protection Act, 12 U.S.C. §5531 and §5565 ("CFPA"). *See* Complaint, ¶¶ 2-3. Plaintiff also alleges causes of action for Breach of Contract and Defamation. *Id.* at pg. 3.

9. Therefore, the Court has jurisdiction over the FCRA and CFPA causes of action pursuant to 28 U.S.C. § 1331 as these federal claims arise under this Court's original jurisdiction and are founded on a claim or right arising under the Constitution, treaties, or laws of the United States and are removable without regard to citizenship or residence of the parties.

10. The Court likewise has supplemental jurisdiction over the causes of action for Breach of Contract and Defamation pursuant to 28 U.S.C. § 1367. Section 1367(a) provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." "When a federal court has an independent basis for exercising federal jurisdiction, it may . . . also exercise supplemental jurisdiction over related claims under state law." *Lopez v. Council on American-Islamic Relations Action Network Inc.*, 657 F.Supp.2d 104, 115 (D.D.C. 2009). Here, the state claims for Breach of Contract and Defamation form part of the same case or controversy as the federal FCRA and CFPA claims that are subject to federal question jurisdiction. For example, Plaintiff alleges that Defendant violated the FCRA and CFPA, as well as committed breach of contract and defamation when it failed to process payments correctly and published false credit reports to third party credit bureaus. All of the claims at issue in the Complaint arise from the same conduct.

11. Accordingly, the Court has federal question jurisdiction over the FCRA and CFPA claims pursuant to 28 U.S.C. § 1331, and it has supplemental jurisdiction over the Breach of contract and Defamation claims under 28 U.S.C. § 1367. Removal is proper.

### III. VENUE

12. Venue is proper in this Court because this District encompasses the State Court,

which is the forum from which the case has been removed. *See* 28 U.S.C. § 1441.

## IV. NOTICE

13. Concurrent with the filing of this Notice, Capital One will file a Notice of Filing of Notice of Removal with the Clerk of the Circuit Court of the Superior Court of the District of Columbia, Civil Division, a copy of which is attached hereto as **Exhibit 2**.

14. Upon information and belief, the contents of **Exhibit 1** and **Exhibit 2** constitute the entire file of the action pending in the State Court as required pursuant to 28 U.S.C. §1446(a).

## V. RESERVATION OF RIGHTS

15. Capital One does not concede in any way that the allegations in the Complaint are properly raised or that the Plaintiff has asserted claims upon which relief can be granted, or that recovery of any of the amounts sought is authorized or appropriate. Capital One reserves the right to amend or supplement this Notice of Removal. If any questions arise as to the propriety of the removal of the action, Capital One requests the opportunity to present a brief and argument in support of its position that the case is removable.

16. Capital One reserves all rights, including, but not limited to, defenses and objections as to Plaintiff's failure to state a claim upon which relief can be granted. The filing of this Notice is subject to, and without waiver of, any such defenses or objections.

Wherefore, having met all the requirements for removal under 28 U.S.C. §§ 1441 and 1446, Defendant, Capital One Financial Corporation, hereby removes this action to this Court.

Dated: July 16, 2025

By: */s/ Elizabeth M. Briones*
Elizabeth M. Briones, D.C. No. 888324983
Troutman Pepper Locke LLP
401 9th Street NW, Suite 1000
Washington, DC 20004
Tel: 202-274-2937
Fax: 703-448-6510

Email: elizabeth.briones@troutman.com
*Attorney for Defendant Capital One, N.A.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of July, 2025, I caused to be electronically filed with the Clerk of the Court using the CM/ECF system the foregoing document, and sent, via U.S. Mail, to the following party. Service of the foregoing was within the time prescribed by the Rules of the Court.

Ivy Pendleton
P.O. Box 96069
Washington, DC 20024
Plaintiff *Pro se*

By: */s/ Elizabeth M. Briones*
Elizabeth M. Briones, D.C. No. 888324983