**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

IVY PENDLETON,

      *Plaintiff*,

    v.

CAPITAL ONE, N.A.,

      *Defendant*.

Civil Action No. 25-2281 (TJK)

**<u>MEMORANDUM OPINION</u>**

Ivy Pendleton was issued several credit cards by Capital One, N.A.  In 2024, Capital One allegedly inaccurately reported to consumer reporting agencies that Pendleton had missed several payments, which sunk her credit score.  As a result, Pendleton alleges that she has been subjected to higher interest rates, suffered reputational harm and emotional distress, and has missed out on other opportunities.  She brings four claims against Capital One.  Capital One moves to dismiss. For the reasons explained below, the Court will grant the motion and dismiss the case.

**I.    Background**

Pendleton alleges that she has "maintained multiple credit card accounts" with Capital One "for over 20 years and had a consistent record of timely payments."  ECF No. 8 ¶ 6.  But in July and August 2024, Capital One allegedly "reported 24 instances of false delinquency and late payment data to Equifax, Experian, and TransUnion, causing [Pendleton's] credit score to drop by more than 130 points."  *Id.* ¶ 7.  Capital One also assessed late payment fees ranging between $25 and $40 for each allegedly missed or late payment.  ECF No. 1-1 at 37–42.  Pendleton suggests that these delinquency reports were the result of "a system error" and that she "dispute[d]" the reports at the time to no avail.  ECF No. 8 ¶ 8.  As a result of Capital One's reports and their

associated fees, Pendleton alleges that she has suffered "[d]enial of access to credit and loan programs," "[h]igher interest rates and deposits," "[r]eputational harm and emotional distress," and "[l]ost financial opportunities." *Id.* ¶ 12.

In May 2025, Pendleton sued Capital One in the Superior Court of the District of Columbia, bringing four claims: in Count I, violation of the Fair Credit Reporting Act ("FCRA"); in Count II, violation of the Consumer Financial Protection Act ("CFPA"); in Count III, common-law breach of contract; and in Count IV, common-law defamation. *See* ECF No. 1-1 at 2–5.[1] Capital One removed the action and soon after moved to dismiss. ECF Nos. 1, 5. Pendleton then amended her complaint. ECF No. 8. She also moved for summary judgment, which the Court denied as premature. ECF No. 12; Minute Order of August 3, 2025. Capital One now again moves to dismiss under Federal Rule of Civil Procedure 12(b)(6). ECF No. 20.

## II.     Legal Standard

Ordinarily, to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When a plaintiff proceeds pro se, however, the Court considers factual allegations from all the plaintiff's filings in resolving the motion to dismiss, not just the complaint, and must construe the filings liberally. *See Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015); *Bowman v. Iddon*, 848 F.3d 1034, 1039 (D.C. Cir. 2017) (citation omitted). Still, a pro se plaintiff must allege "factual content" that, taken as true, "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,

---

[1] Pendleton named "Capital One Financial Corporation" as the defendant in her initial complaint. ECF No. 1-1 at 2. In her amended complaint, however, she names "Capital One, N.A." instead. ECF No. 8 at 1. Capital One agrees that "Capital One, N.A." is the proper party. *See* ECF No. 20 at 1. The Clerk of Court is directed to change the case caption accordingly.

556 U.S. 662, 678 (2009).  "[M]ere conclusory statements" are not enough, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Twombly*, 550 U.S. at 555).

### III.   Analysis

Capital One moves to dismiss the four claims Pendleton asserts in the complaint for failure to state a claim under Rule 12(b)(6).  As explained below, the Court will grant the motion and dismiss those claims.  In addition, Pendleton also raises a fifth claim in her opposition, which the Court—minding Pendleton's pro se status—construes as a motion to amend her complaint again. *See Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999).  Still, the Court will deny that motion on the grounds that it would be futile.

### A.   Pendleton's Claim Under the FCRA Fails

In Count I, Pendleton alleges that Capital One "failed to conduct a reasonable investigation and continued to furnish inaccurate information to credit reporting agencies in violation of 15 U.S.C. § 1681s-2," part of the FCRA.  ECF No. 8 ¶ 13.  Two subsections within § 1681s-2 impose duties upon banks like Capital One: subsection (a) and subsection (b).  The amended complaint does not specify under which subsection Pendleton sues.  Later filings suggest that she means to invoke subsection (b), *see* ECF No. 22 at 2, but under either, her claim fails.

To begin, subsection 1681s-2(a), which sets out the "[d]uty of furnishers of information to provide accurate information," does not contain a private cause of action that allows Pendleton to bring suit.  The same statute includes a subsection titled "Limitation on enforcement." *Id.* § 1681s-2(d).  That subsection, read in concert with subsection (c), the "[l]imitations on liability," provides that any violation of subsection (a) "shall be enforced exclusively . . . by the Federal agencies and officials and the State officials identified in section 1681s of this title." *Id.*; *see id.* § 1681s-2(c).

In other words, the statute expressly instructs that a violation of subsection (a) can be enforced only by federal and state officials, not by private parties like Pendleton. Every court to consider this question has agreed the statute means what it says. *See Haynes v. Navy Fed. Credit Union*, 825 F. Supp. 2d 285, 295 (D.D.C. 2011) (collecting cases). Thus, Pendleton cannot sue under § 1681s-2(a).

Subsection 1681s-2(b), on the other hand, *does* contain a private cause of action. *See Dep't of Agric. Rural Dev. Rural Hous. Serv. v. Kirtz*, 601 U.S. 42, 50 (2024). But Pendleton fails to plead facts plausibly supporting a valid claim under that subsection. Subsection 1681s-2(b) imposes duties on a bank only "[a]fter [the bank] receiv[es] notice pursuant to section 1681i(a)(2) . . . of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency." 15 U.S.C. § 1681s-2(b)(1). And § 1681i(a)(2) requires that a bank receive that notice from the "consumer reporting agency." So Pendleton, to state a claim under § 1681s-2(b), must have alleged that Capital One received notice of her dispute from a credit reporting agency. *See Johnson v. Capital One Bank, N.A.*, No. 22-7042, 2023 WL 2733486, at *1 (D.C. Cir. March 31, 2023); *Mazza v. Verizon Wash. D.C., Inc.*, 852 F. Supp. 2d 28, 35 (D.D.C. 2012) (same). She has not done so. Nowhere in her amended complaint or other filings does Pendleton allege that Capital One was notified of this dispute by a credit reporting agency.

In addition, even if Pendleton *had* alleged that Capital One received such notice, she does not allege facts that allow the Court to plausibly infer that Capital One failed to "conduct an investigation with respect to the disputed information"—another required element for liability under subsection (b). 15 U.S.C. § 1681s-2(b)(1)(A). She offers only the conclusory assertion, parroting the statute's language, that it did not. *See* ECF No. 8 ¶ 13. This is insufficient to state a

claim.  *See Iqbal*, 556 U.S. at 678.  For both these reasons, Pendleton has failed to state a claim under § 1681s-2(b), and so any claim under that subsection fails as well.

### B.     Pendleton Lacks a Private Cause of Action Under the CFPA

In Count II, Pendleton claims that Capital One "knowingly assessed late fees exceeding the $8 cap in violation of 12 U.S.C.§ 5531 and 12 CFR § 1026.52, and refused to refund said fees despite notice."  ECF No. 8 ¶ 14.  But, like 15 U.S.C § 1681s-2(a) above, the CFPA does not provide a private cause of action either.

The CFPA provision on which Pendleton tries to rely is explicit: only "*[t]he Bureau* may take any action authorized under part E to prevent a covered person or service provider from committing or engaging in an unfair, deceptive, or abusive act or practice under Federal law."  12 U.S.C. § 5531(a) (emphasis added).  The "Bureau" refers to the Consumer Financial Protection Bureau.  *Id.* § 5481(2).  Every other subsection of § 5531 refers to the same, making it clear that the CFPA's enforcement mechanism runs through the Bureau only, not through private parties like Pendleton.  *See id.* § 5531(b) ("The Bureau"); *id.* § 5531(c)(1) ("The Bureau"); *id.* § 5531(d) ("The Bureau"); *id.* § 5531(e) ("the Bureau"); *id.* § 5531(f) ("the Bureau").  Unsurprisingly, then, "district courts have uniformly held that the language in Section 5531 . . . does not confer a private right of action."  *Jah Kente Int'l, Inc. v. Indus. Bank of Wash., D.C.*, No. 22-cv-848 (APM), 2023 WL 11056262, at *2 (D.D.C. June 26, 2023) (collecting cases); *see also Twardy v. Ocwen Fin. Corp.*, No. 24-cv-1200 (SLS), 2025 WL 858145, at *9 (D.D.C. Mar. 19, 2025).

### C.     Pendleton Does Not Plausibly Allege a Breach of Contract

In Count III, Pendleton alleges that she and Capital One "were parties to a credit agreement that included terms on fee schedules and compliance with law. [Capital One] breached this agreement by assessing unlawful charges and mishandling account information."  ECF No. 8 ¶ 15.

Capital One attached the credit agreement to its motion, and the Court may consider "documents upon which a plaintiff's complaint necessarily relies." *Intelsat USA Sales Corp. v. Juch-Tech, Inc.*, 24 F. Supp. 3d 32, 40 n.2 (D.D.C. 2014).[2]  Upon consideration of the credit agreement and accepting Pendleton's allegations as true, she has not stated a claim for breach of contract.

Under District of Columbia contract law, to survive a motion to dismiss, a plaintiff asserting a breach of contract claim must, at a minimum, "describe the terms of the alleged contract and the nature of the defendant's breach." *Francis v. Rehman*, 110 A.3d 615, 620 (D.C. 2015).[3]  Pendleton alleges that Capital One's erroneous fees and inaccurate reports breached the credit agreement's "terms on fee schedules."  ECF No. 8 ¶ 15.  But she does not describe what provision of the credit agreement Capital One violated, and how it did so.  Even assuming the fees Capitol One assessed were in error, whatever their legality in other respects, Pendleton has not pleaded facts from which it can be plausibly inferred that Capital One breached any provision of the credit agreement that the Court can identify.[4]

---

[2] The amended complaint refers to only one "credit agreement," but Capital One attaches two such agreements: one from 2022 and the other from 2014.  ECF No. 8 ¶ 15, *see* ECF Nos. 20-2, 20-3.  They appear to correspond to two different credit card accounts, and Pendleton does not specify which she alleges Capital One violated.  Since Pendleton's allegations focus on Capital One's conduct in 2024, the Court refers primarily to the more recent 2022 agreement.  But the two agreements do not materially differ, and the Court's analysis would be the same under either.

[3] The credit agreement contains a choice-of-law clause providing that Virginia law controls any contract dispute.  *See* ECF No. 20-2 at 6 ("This Agreement is governed by applicable federal law and by Virginia law.").  But neither side "has raised a choice-of-law issue in briefing any of the pending motions."  *Parker v. John Moriarty & Assocs. of Va.*, *LLC*, 332 F. Supp. 3d 220, 235 n.10 (D.D.C. 2018).  "Because litigants may waive choice-of-law issues, the Court need not challenge their evident assumption that District of Columbia law applies."  *Id.*

[4] Even if the Court were to liberally construe the complaint as alleging that Capital One violated either the "Late Payment Fee" provision, which defines what the fee is, and the "Interest Charges and Fees" provision, which governs the procedures by which all fees are assessed, Pendleton has still not stated a breach of contract claim.  ECF No. 20-2 at 4.  The "Late Payment Fee" provision is merely a definition provision that explains what late payment fees are and tells

In her opposition to Capital One's motion to dismiss, Pendleton appears to concede that her breach-of-contract claim does not really allege a breach of contract. Rather, she explains that what she meant to say was that the credit agreement is unenforceable because it is "a standard-form adhesion contract," Capital One cannot "waive [her] federal rights" via the contract, and the contract "cannot override the requirements of federal law such as the FCRA or the [CFPA]." ECF No. 22 at 3. None of this helps to revive her breach-of-contact claim. For one thing, as described above, Pendleton has failed to state a claim under the FCRA or CFPA. More fundamentally, Pendleton cannot have it both ways by seeking to hold Capital One liable for breaching a contract while at the same time asserting that the contract's relevant terms are void.

### D.   Pendleton's Defamation Claim Is Precluded by Statute

In Count IV, Pendleton claims that Capital One "published false and damaging information about [her] credit standing to third-party credit bureaus, causing reputational and economic harm." ECF No. 8 ¶ 16. But any state common-law cause of action for defamation is preempted by the

---

the customer that Capital One "may charge" a fee "if [Capital One] do[es] not receive your payment as instructed on your Statement by the payment due date." ECF No. 20-2 at 4. To begin, it is unclear how such a definition provision could be violated at all. In any case, the agreement contemplates that some fees may be erroneous and places the burden of contesting the fees on the customer. The agreement tells the customer that "You must inspect each Statement you receive" and then "Tell [Capital One] about any errors or questions you have." ECF No. 20-2 at 4. If the customer does not object to the information in the statement, Capital One warns that it "will assume that all information on the Statement is correct." *Id*. Similarly, Pendleton has not alleged that Capital One violated the "Interest Charges and Fees" provision either. That provision only tells the customer that Capital One "will charge . . . Fees to your Account as disclosed on your Statement and Account Disclosures." ECF No. 20-2 at 4. In other words, the provision sets out the process that Capital One must follow when charging a fee: it must first disclose the fee to the customer. And it appears that the fees Capital One charged were disclosed to Pendleton, as reflected by the screenshots of her credit card statements attached as exhibits to the complaint. *See* ECF No. 1-1 at 37–42 (statements disclosing that Pendleton would be charged several $25 and $40 fees across three credit cards).

FCRA.[5]  That statute contains two preclusion provisions that were enacted at different times, and there is some question as to how the two should be read together.  *See Himmelstein v. Comcast of the Dist., L.L.C.*, 931 F. Supp. 2d 48, 59–60 (D.D.C. 2013).  But the Court need not resolve that question.  Both provisions preclude Pendleton's defamation claim, and so under any reading of how they interact, her claim is precluded.

The older provision states that "no consumer may bring any action proceeding in the nature of defamation . . . with respect to the reporting of information against . . . any person who furnishes information to a consumer reporting agency . . . except as to false information furnished with malice or willful intent to injure such consumer."  15 U.S.C. § 1681h(e).  The "consumer" refers to individuals like Pendleton, and the "person who furnishes information to a consumer reporting agency" refers to banks like Capital One.  *Id.*  In this case, Pendleton sues Capital One for reporting false information about her to the consumer reporting agencies Equifax, Experian, and TransUnion.  ECF No. 8 ¶ 7.  In other words, she is a "consumer" who is "bring[ing] an[] action" against a "person who furnishes information to a consumer reporting agency."  § 1681h(e).  Pendleton's claim thus lies in the heartland of § 1681h(e)'s scope of preclusion.  And because she has not alleged any facts suggesting that Capital One made its allegedly false report with any "malice or willful intent to injure" her, she cannot escape preclusion through the exception clause.

The more recent provision states that "No requirement or prohibition may be imposed under the laws of any State—(1) with respect to any subject matter regulated under—. . . (F) section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies," except under certain Massachusetts and California laws.  15 U.S.C.

---

[5] Pendleton does not defend or even mention her defamation claim in her opposition.  *See generally* ECF No. 22.

§ § 1681t(b)(1)(F).  Since, as discussed above, "section 1681s-2" concerns the duties of banks and other furnishers of information when providing financial information to consumer reporting agencies, Pendleton's claim is precluded by this provision as well.

**E.      Pendleton Cannot Amend Her Complaint to Add a Claim Under the D.C. Consumer Protection Procedures Act**

Pendleton raises a potential fifth claim in her opposition: that Capital One violated the D.C. Consumer Protection Procedures Act, D.C. Code § 28-3904, by making "[m]isrepresentations about account balances," "[f]ailing to disclose fees and reporting practices that affect credit," and providing "[i]mproper response to disputes and service complaints."  ECF No. 22 at 3–4.  The Court will construe Pendleton's identification of this potential additional claim as a motion to amend her complaint again.  *See Richardson*, 193 F.3d at 548–49.  At this stage, Pendleton can only amend her complaint "with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  "The court should freely give leave when justice so requires."  *Id.*  But "[a] district court may deny a motion to amend a complaint as futile if the proposed claim would not survive a motion to dismiss."  *Hettinga v. United States*, 677 F.3d 471, 480 (D.C. Cir. 2012).

The Court will deny Pendleton's motion as futile.  D.C. Code § 28-3904 prohibits "any person to engage in an unfair or deceptive trade practice" and then lists actions that qualify as such practices, which all involve false or misleading statements or representations, or otherwise fraudulent conduct, directed to consumers.  *See* D.C. Code. §§ 28-3904(a)–(ii).  Pendleton does not allege any facts suggesting that Capital One did anything that would qualify as an unfair or deceptive trade practice under this statute.  She alleges, in essence, that the fees imposed on her were incorrect because she had in fact paid her bills on time—not that they were imposed deceptively or fraudulently.  Thus, such a claim would not survive a motion to dismiss, and so the Court need not allow Pendleton a chance to amend her complaint again to add it.

## IV.   Conclusion

For the above reasons, the Court will grant Capital One's motion and dismiss the case.  A separate order will issue.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: April 27, 2026